UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN MATTHEW GAYDEN, JR.,

    Petitioner,

v.   Case No: 6:24-cv-1655-JSS-RMN

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**<u>ORDER</u>**

    Petitioner has filed a petition for writ of habeas corpus seeking to challenge his convictions for distributing oxycodone outside the usual course of professional practice and for other than a legitimate medical purpose in Case Number 6:16cr187-CEM-LHP. (*See* Dkt. 1.)[1] Petitioner previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits on December 8, 2023. *See* Case No. 6:21cv1639-CEM-LHP, Dkt. 52.

    "Section 2255 is the primary method to collaterally attack a federal sentence." *Wattleton v. Beeler*, 186 F. App'x 852, 852–53 (11th Cir. 2006) (citing *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990)). "Under the savings clause of [section] 2255, a federal prisoner may bring a [section] 2241 petition if his remedy under [section] 2255 'is inadequate or ineffective to test the legality of his detention.'" *Id.* at

---

[1] Petitioner filed a duplicate petition at Dkt. 3.

853 (quoting 28 U.S.C. § 2255); *see also Wofford v. Scott*, 177 F.3d 1236, 1238–39 (11th Cir. 1999). However, the court cannot consider a second or successive section 2255 motion until a panel of the Eleventh Circuit Court of Appeals authorizes its filing. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner raised a single claim in his section 2255 motion, which the court denied. *See* Case No. 6:21cv1639-CEM-LHP, Doc. 52 at 5, 10. Petitioner now seeks to raise additional grounds or to reargue his previously denied claim.

However, Petitioner "may not circumvent the successive petition rule by designating [his] motion" as a petition for writ of habeas corpus. *See United States v. Spellissy*, No. 8:05-CR-475-T-27TGW, 2008 U.S. Dist. LEXIS 111279, at *7 (M.D. Fla. Sept. 2, 2008). Moreover, Petitioner has not demonstrated that his section 2255 remedy was inadequate or ineffective to test the legality of his detention. Thus, this action is successive, and the court lacks jurisdiction.

Before Petitioner may file a successive section 2255 motion in this court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 & 2255. Accordingly, this case is dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

In seeking relief in the Court of Appeals, Petitioner should be aware that the law limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion and imposes time limitations on the filing of a section 2255 motion. *See* 28 U.S.C. §§ 2244 & 2255.

Accordingly:

1. This case is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

3. The Clerk is further **DIRECTED** to file a copy of this order in Case Number 6:16cr187-CEM-LHP and to terminate any corresponding section 2255 motions pending in that case.

4. The court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right, so a certificate of appealability is **DENIED** in this case.

    **ORDERED** in Orlando, Florida, on October 15, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties